UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark E. Herman, | Civ. No. 21-1025 (PAM) |
| Appellant, | |
| v. | **MEMORANDUM AND ORDER** |
| Amber Senn and Numeric Trading Company, | |
| Appellee, | |
| and | |
| Nauni Jo Maunty, | |
| Trustee. | |

This matter is before the Court on appeal from the Order of the United States Bankruptcy Court, denying Appellant Mark Herman's Motion to Reconsider. For the following reasons, the Bankruptcy Court's Order is affirmed.

**BACKGROUND**

Appellant Mark Herman is an artist who creates prints of landmarks in Minnesota and throughout the United States. He worked with Appellee Amber Senn and her company, Numeric Trading Company, to market his art. On March 15, 2018, Herman filed a petition for voluntary bankruptcy under Chapter 7, and his artwork became property of the bankruptcy estate under 11 U.S.C. § 541(a). Subsequently, Trustee Nauni Jo Maunty initiated an action against Senn and Numeric Trading. To resolve the matter, Senn purchased all rights, title, and interest in Herman's pre-petition artwork from the bankruptcy estate. Maunty later moved the Bankruptcy Court for an order approving the

sale of "all rights, title[,] and interest in all artwork created by [Herman] pre-petition," and the Bankruptcy Court granted her Motion on June 26, 2019. On December 3, 2020, Maunty moved the Bankruptcy Court to approve the amended and clarified settlement agreement, and attached a list of Herman's pre-petition artwork to that Motion. (Docket No. 10 at 1-4, 11-20.)[1] Herman opposed the Motion, arguing that the list included post-position works. (Id. at 33-41.) Thus, Herman moved to clarify which art was created pre-petition, and therefore was not subject to the bankruptcy estate. On December 10, 2020, the Bankruptcy Court found that Maunty indeed sold the copyright to Herman's pre-petition works of art to Senn, including a print of Bde Maka Ska, a lake in Minneapolis ("the print"). (Id. at 42-54.)

On January 4, 2021, Herman brought a motion under Rule 60(b)(1) and (6) and Federal Rule of Bankruptcy 9024 asking the Bankruptcy Court to reconsider its December 10 Order, because he maintained that the print was improperly included in his pre-petition catalog. (Id. at 55-59.) Both Herman and Senn testified at an evidentiary hearing on whether the print was created pre-petition. (Id. at 97.) On April 5, 2021, the Bankruptcy Court denied Henn's motion and held that the print was created pre-petition, as the Bankruptcy Court found Senn's testimony to be more credible. (Id. at 109, 113.) Herman appealed, asking the Court to reverse the Bankruptcy Court's findings. (Id. at 127.)

---

[1] Because the entire record was submitted as one document (Docket No. 10), citations to the record reference page numbers as indicated in that document.

**DISCUSSION**

The Court has jurisdiction over final orders entered by the Bankruptcy Court, 28 U.S.C. § 158(a)(1), and reviews its legal conclusions de novo and its factual findings for clear error. See First State Bank of Roscoe v. Stabler, 914 F.3d 1129, 1136 (8th Cir. 2019). Thus, the Court will overturn a factual finding "only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error was made." Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343, 353 (8th Cir. 2008) (citation and quotation omitted). When reviewing the denial of a Rule 60 motion on appeal from the Bankruptcy Court, the Court uses an abuse-of-discretion standard. See Sutherland v. ITT Cont'l Baking Co., 710 F.2d 473, 475 (8th Cir. 1983).

**A.    Rule 60 Motion**

The Federal Rules of Appellate Procedure require an appellant challenging an evidentiary finding to order a "transcript of all evidence relevant to that finding or conclusion" to include in the record on appeal. Fed. R. App. P. 10(b)(2); see also Kelly v. Omaha Hous. Auth., 721 F.3d 560, 562 (8th Cir. 2013) ("It is important, if not essential, to the reviewing court that an appellant bring before this [C]ourt all parts of the proceedings below necessary for a determination of the validity of any claimed error.") (quotation omitted).

Here, Herman challenges the Bankruptcy Court's finding that the print was created pre-petition, contending that his testimony at the evidentiary hearing supported that the print was created post-petition. However, Herman did not order a transcript of the March

3

23, 2021, evidentiary hearing. Therefore, he has failed to present a record for the Court to assess the Bankruptcy Court's finding. To the extent that Herman asks this Court to make evidentiary findings or credibility determinations that are different from those made by the Bankruptcy Court, the Court declines to do so.

**B.     Collateral Estoppel**

Herman claims that he was denied procedural due process because the Bankruptcy Court found that "[his] actions were done to harm Senn financially during an important time of year for her business, which necessitated the filing of the expedited motion by the Trustee." (Docket No. 10 at 110.) He argues that this issue was not before the Bankruptcy Court, and that its determinations may impact the underlying state-court lawsuit that Senn filed against him. Indeed, the Bankruptcy Court concluded that Herman's apparent intent to harm Senn's business "was not decisive to the [motion]'s outcome;" but it further determined that "the underlying facts giving rise to the order should be considered." (Id.)

Because the record on appeal does not include a transcript of the evidentiary hearing on which the Bankruptcy Court based its findings, the Court declines to find that the Bankruptcy Court committed clear error. Herman has not presented any evidence that he was deprived of due process.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the April 5, 2021, Order of the United States Bankruptcy Court for the District of Minnesota is **AFFIRMED**, and this matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, September 14, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge